**BATTISTA v. HORTON, MYERS & RAYMOND.**

**No. 8014.**

United States Court of Appeals for the District of Columbia.

Argued April 14, 1942.

Decided May 11, 1942.

30

Mr. Carl F. Bauersfeld, with whom Mr. Leonard J. Ganse, both of Washington, D. C., was on the brief for appellant.

Messrs. A. M. Goldstein and W. C. Sullivan, both of Washington, D. C., for appellee.

Before GRONER, Chief Justice and EDGERTON and RUTLEDGE, Associate Justices.

GRONER, C. J.

This is an appeal from a summary judgment entered in favor of appellee.

Horton, Myers & Raymond (appellee), hereinafter called Horton, brought an action against Battista (appellant) to recover the balance of the contract price for certain masonry work performed by it on a building erected for the Carmelite Fathers in the District of Columbia.

The facts, shortly stated, are these: In the latter part of 1939, the Carmelite Fathers entered into a written contract with Frainie Brothers, a Baltimore construction firm, as general contractors, for the erection of a building for their Order. Frainie Brothers thereafter entered into a written subcontract with Battista for the masonry work on the building. Battista in turn contracted with Horton for a part of this work. The latter contract was in writing and provided that Horton should do the portion of the work allotted to it in accordance with the general plans and specifications submitted for the sum of $8,500, and should do certain additional work in accordance with certain revised plans for the sum of $1,900. On August 28, 1940, Frainie Brothers wrote to Battista, as follows:

"Inasmuch as your work in connection with the Discalced Carmelite Father's Job at 2131 Lincoln Road, Washington, D. C., has been completed, subject, of course, to the approval of the Architect, and that the Owner, Architect and ourselves are anxious to make final settlement in connection with this work, we ask that you please send us your final bill. The bill must be ac-

companied by a Release of Liens for all labor and material used on this work in accordance with the terms of the contract."

Battista thereupon presented his bill to Frainie Brothers, but the latter disputed the amount and refused to make final payment. Conferences, correspondence, and negotiations ensued until November 30, 1940, when an agreement was reached as to the amount due, and a release of liens was prepared to be signed by Battista and the persons who had furnished him labor and materials in the completion of his contract. On December 11, Frainie Brothers became insolvent and a creditors' committee was appointed. They thereafter became bankrupt, as a result of which Battista was not paid.

On December 17, 1940, Horton brought this action against Battista for the balance due under its contract. The complaint alleged that the work done by Horton had been completed and accepted by the architect and owners, in accordance with the contract between Battista and Horton, and that a balance of $2,914.10 was owing to the latter by Battista. Battista answered, admitting the contract and the completion of the work, but denying its acceptance by the architect and owners, and averring, inter alia, as a defense that Horton had refused to execute the release of liens, by reason of which Frainie Brothers had refused to make final payment and now, being bankrupt, were unable to make payment. Horton moved for summary judgment before Judge Luhring. Battista filed his own affidavit in opposition to the motion. Judge Luhring granted the motion for summary judgment and filed a memorandum opinion, in which he concluded:

"The motion of the plaintiff for summary judgment must be sustained. The pleadings, together with the affidavits, clearly show that there is no genuine issue as to any material fact, including the balance due to the plaintiff. Hence, as a matter of law, the plaintiff is entitled to judgment for the balance due with interest."

We are of opinion that the judgment was properly entered. Referring to the summary judgment rule (Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c), we recently said in Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209, that the purpose of this rule is to dispose of cases where there is no genuine issue of fact, even though an issue may be raised formally by the pleadings.

█ While appellant's answer denies that Horton's work was accepted as required by the contract and his affidavit refers to a dispute between the owners and the general contractors, the record contradicts this statement and shows clearly that the Carmelite Fathers had paid the contract price in full and that the dispute grew out of their effort to recover back what they considered was an excess payment. The trial judge was justified in concluding that no genuine fact issue on this allegation was raised, especially in the light of the affidavit of Father Kilduff of the Order filed in support of the motion for summary judgment, and which is unqualifiedly to the effect that the building had been inspected and approved by the architect, accepted for the Order by himself, and occupied.

This leaves for discussion only the double-headed defense, (a) that Horton had failed and refused to execute a release of lien, as the result of which Frainie Brothers had refused to make final payment, and (b) that this refusal delayed payment to Battista until the bankruptcy of Frainie Brothers prevented payment. We think the record fully and satisfactorily contradicts these contentions.

First. Horton was the subcontractor of a subcontractor. The general contractors and Battista, the subcontractor, had entered into written agreements with the owners not to permit or suffer any mechanic's liens to be filed against the property, but there was nothing in the contract between Battista and Horton which specifically imposed this condition on the latter. The only reference to the principal contract is that the work shall be done in accordance with its plans and specifications, and the construction of this provision was a question of law for the court and not a question of fact for a jury. We entirely agree with Judge Luhring that the language is plain and unambiguous and by its terms imposes no obligation on Horton either to furnish a release of liens or to see to it that no liens are filed against the building. Guerini Stone Co. v. P. J. Carlin Const. Co., 240 U.S. 264, 278, 36 S.Ct. 300, 60 L.Ed. 636.

█ But in addition to all of this, it is established law in this jurisdiction that Horton had no legal right to file a mechanic's lien, and a release of a right which did not exist would have been wholly bootless. The mechanic's lien law of the District of Columbia confines the right to file a lien to the original contractor and to persons "directly employed" by the original contractor. D.C.Code 1940, § 38—103. This carries the right only to the subcontractor, and Horton, in the position of a sub-sub-contractor, is outside the scope of the law. Richardson v. Belt, 13 App.D. C. 197, 201; Leitch v. Central Dispensary & Emergency Hospital, 6 App.D.C. 247; Herrell v. Donovan, 7 App.D.C. 322, 332; Somerville v. Williams, 12 App.D.C. 520. Battista, to escape the effect of the rule, seeks to import into the contract a local custom to require a release from all persons of whatever degree furnishing work or materials. But in our opinion no such custom, if it exists, can alter the exact terms of the written agreement. If Battista wanted to make this custom a part of his agreement with Horton, he should have included it in the contract, just as it was included in the contract with the general contractors and in the latter's contract with the subcontractor. Finally, no agreement which did not explicitly provide for a release of liens in advance of payment ought to be construed as imposing such an obligation. Horton's work had been completed and he was entitled to its money. To have required it to acknowledge receipt in advance of payment would, except under circumstances in which it had bound itself to do so, have been wholly unfair. It was entitled under its contract to retain all its legal rights until payment or a valid tender of payment.

█ Second. Nor is there any merit in Battista's defense of equitable estoppel by virtue of any statements, acts, or negotiations by officers of Horton. Enough has been said to show that the refusal of Horton to execute a release in advance of payment was within its legal rights. Furthermore, Raymond's affidavit, filed by Horton on the motion for summary judgment, clearly shows that the delay in the payment to Battista by Frainie Brothers was due to a dispute in which Horton was not a party, nor interested. We have, therefore, a case in which the party suing had done the work contracted for in accordance with its agreement and was entitled to be paid the contract price therefor, and doubtless would have been paid except for a misunderstanding between its prin-

cipal and the general contractors, as to which it had no responsibility. That this event resulted in loss is none of its concern, nor does it relieve its principal, either in law or in fair dealing, from the discharge of his obligations. Therefore, we are unable to find that anything in Horton's conduct was sufficient to invoke the doctrine of equitable estoppel.

On the whole case we think the judge below ruled correctly, and the judgment is, therefore, affirmed.

Affirmed.