## SCHWARTZ v. SANDIDGE.
### No. 741.

Municipal Court of Appeals for the
District of Columbia.

Jan. 26, 1949.

Philip Shinberg, of Washington, D. C.
(Leon M. Shinberg, of Washington, D.
C., on the brief), for appellant.

DeWitt S. Hyde, of Washington, D.
C., for appellee.

Before CAYTON, Chief Judge, and
HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

This appeal is taken to reverse a sum-
mary judgment for plaintiff awarding him
twice a rent overcharge claimed under the

District of Columbia Emergency Rent· Act. [1] That act authorizes such recovery when a landlord collects rent in excess of the applicable rent ceiling. The premises leased to plaintiff by defendant were admittedly rented to another tenant on January 1, 1941, the test date fixed in the Rent Act, and therefore the only material issue between the parties was the legal rent on that date.[2] By its summary judgment the trial court found that the legal rent on January 1, 1941, was $37 a month, that plaintiff had been charged $45 a month, or an overcharge of $8 a month for $33\frac{1}{4}$ months, and was therefore entitled to recover a total of $532 plus a $100 attorney's fee.

In addition to filing an answer denying that the legal rent on January 1, 1941, was $37 a month, defendant filed a third party complaint naming six third party defendants who had successively owned the property on and after January 1, 1941. He alleged that each of the former owners, including the one who had sold to him, had sold the property subject to a monthly tenancy at a rental of $45 per month. Based upon such allegations defendant claimed that each of the third party defendants was liable to him for any sums for which he might be held liable to plaintiff.

Various defenses were interposed by the third party defendants who were served with process. The only one of such answers of importance on this appeal is that of third party defendant Phillip Swantner, who admitted that he was the owner of the property on January 1, 1941. He alleged that on that date "the premises were occupied by a tenant by the name of Rice, whose monthly rental was $45, that said tenant Rice was behind in his rent from nine to eleven months, and was permitted to pay towards the rent whatever sums he had available."

After a motion had been granted to calendar the case for trial as to all parties except one of the third party defendants who had not been served with process, plaintiff filed a motion for summary judgment against defendant and accompanied such motion with several affidavits. One of these affidavits, made by the secretary-docket clerk in the office of the Rent Administrator, was to the effect that he had searched the records of the Administrator and that no petition to adjust the rent ceiling at the premises in question had ever been made. Another affidavit, which we believe determinative of the issues of the present appeal, was made by Elberta Buckler and was as follows:

"Elberta Buckler, being first duly sworn on oath says: that she is an adult citizen of the United States and a resident of the District of Columbia; that on January 1, 1941 she was a resident and her father was a tenant of the premises 1441 South Carolina Avenue, Southeast, Washington, D. C., and they had been such a resident and tenant for a period of ten years prior to August 1941, that of her personal knowledge, on January 1, 1941 the monthly rent on said premises was Thirty-seven Dollars ($37.00) per month and her father paid such rental each month to the landlord of said premises."

On this appeal defendant assigns three errors: First, that the third party defendants were not served with notices of the hearing on the motion for summary judgment; second, that it was improper to grant the motion after the case had been calendared for trial as to all parties, including the third party defendants; and, third, that the affidavits submitted with the motion for summary judgment were insufficient to establish that no material issue of fact remained for determination at the trial.

Plaintiff concedes that it would have been better practice to give to the third party defendants notice of the motion for summary judgment but urges that defendant was deprived of no rights by the failure to give notice, and hence is in no position to complain. We agree with that position. We conclude also that under the circumstances of this case the trial court properly exercised its discretion in passing on the motion for a summary judgment, even though the case had been calendared for trial as to all parties. As was said in Axton-Fisher Tobacco Co., Inc., v. Zif-

1 Code 1940, Supp. VI, 45-1610(a).      2 Code 1940, Supp. VI, 45-1602(1) (a).

frin Truck Lines, Inc., D.C.W.D. Ky., 36 F.Supp. 777, affirmed 6 Cir., 126 F.2d 476, the rules regarding both summary judgment and third party practice should be given full effect and circumstances may be such that it is appropriate to give a summary judgment as between plaintiff and defendant if the facts show that no trial is necessary as between them, leaving for trial the action of the third party plaintiff against the third party defendants. It is obvious in the present case that the issues between defendant and third party defendants do not in any way involve plaintiff.

We have concluded, however, that the affidavits submitted by plaintiff in support of the motion for summary judgment did not justify the granting of such motion.

Municipal Court rule 51(d), which is identical with rule 56(e) of the Federal Rules of Civil Procedure, 28 U.S.C.A. provides that supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.

■ While statements in the unverified answer of third party defendant Swantner were insufficient to place in issue allegations in the affidavit of Elberta Buckler within the meaning of the summary judgment rule,[3] we believe such statements may be considered in testing the affidavit to determine whether it complies with the rule. The answer of third party defendant Swantner stated that the tenant on January 1, 1941, was named Rice and that while the monthly rental was $45 the tenant was constantly behind in his rent and therefore was permitted to pay whatever sums he had available. Elberta Buckler's affidavit, while stating that her father was "a" tenant of the premises, did not state her father's name, did not state whether she was married, did not give the name of the landlord to whom the rent was paid, and did not state whether there were other tenants of the premises. Furthermore, while the affidavit is said to be made on personal knowledge, it does not show affirmatively that the affiant was competent to testify to the matter stated therein. It is not enough for an affiant to state that he has personal knowledge of facts asserted, but he must state facts in detail which show that he has personal knowledge.[4] It has been well said that on a motion for a summary judgment the burden of establishing the non-existence of any genuine issue of fact is upon the moving party, all doubts are resolved against him, and his supporting affidavits and depositions, if any, are carefully scrutinized by the court.[5] The obvious purpose of that part of the rule requiring that the affidavit shall show affirmatively that the affiant is competent to testify to the matters stated therein is to meet questions such as those raised by the affidavit under scrutiny here. Of course, a daughter may know of the legal rent paid by her father, but for this to be true she must not only know what was paid but what the rental agreement or lease provided and if the agreement was in writing, the paper itself was the best evidence of its contents. None of these points was clarified by this affidavit.

The rule permits affidavits to be supplemented or opposed by depositions or by further affidavits. It may be that the affidavit here may be so supplemented to comply with the rule as we have interpreted it. If this is done and defendant fails to meet the issue of fact by affidavits or depositions, then a summary judgment for plaintiff may still be ordered.

Reversed for further proceedings in accordance with this opinion.

---

[3] Battista v. Horton, Myers & Raymond, 76 U.S.App.D.C. 1, 128 F.2d 29; Fletcher v. Krise, 73 App.D.C. 266, 120 F.2d 809, certiorari denied 314 U.S. 608, 62 S.Ct. 88, 86 L.Ed. 489; Geller v. Transamerica Corporation, D.C.Del., 53 F.Supp. 625, affirmed 3 Cir., 151 F.2d 534, 535; 4 Fed. Rules Serv., 56c.41.

[4] 3 Moore's Fed. Prac., § 56.06, p. 3188. See Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318.

[5] McConchie v. Realty Associates, D.C. Mun.App., 54 A.2d 862; Sprague v. Vogt, 8 Cir., 150 F.2d 795; Walling v. Fairmont Creamery Co., supra. See Gloeser v. Moore, 283 Mich. 425, 278 N.W. 72; 3 Moore's Fed. Pract., § 56.08, p. 3189.