## EMERSON v. AMERICAN EXPRESS CO.
### No. 1017.

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 5, 1951.

Decided March 1, 1951.

Walter Armstrong, Washington, D. C., for appellant.

William B. Harvey, Washington, D. C., with whom Howard Boyd, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

The complaint in this case alleged that plaintiff purchased in Naples, Italy, thirty travelers checks, each in the face amount of $100, issued by the defendant; that plaintiff thereafter notified defendant that the checks had been lost or stolen and that they should not be honored if presented for payment. It further alleged that an Italian court had ordered defendant to reimburse plaintiff for the checks but that defendant had refused to do so. Judgment for $3,000 was asked.

The answer admitted the sale of the travelers checks to plaintiff and admitted that proceedings had been had in the Italian court, but denied that in such proceedings defendant had been held liable for reimbursement. Defendant further alleged that all said checks had been paid by it to holders in due course.

Thereafter defendant filed a counterclaim for $172.41, based on an alleged judgment of the Italian court for costs, it being alleged that the original order of the Italian court had been reversed and costs assessed against plaintiff.

On motion of plaintiff the defendant was ordered to produce all said travelers checks received by it, and it produced seventeen of the thirty checks. These checks indicated that they had been both signed and countersigned by plaintiff, had been endorsed by "Cite Du Vatican Instituto per le Opere di Religion," to the order of the National City Bank of New York, had been endorsed by that bank and eventually paid by defendant.

Thereafter defendant filed a motion for summary judgment. Attached to the motion were what appeared to be photostatic copies of plaintiff's purchase order for the checks, plaintiff's report of the loss of the checks, the face and reverse side of one of the seventeen checks theretofore produced, and a purported translation of the judgment or order of the Law Court of Naples.

In support of the motion for judgment was filed the affidavit of a vice-president of defendant. This affidavit, after referring to the various photostatic copies, states that all the travelers checks involved in the action had been presented to defendant by holders in due course and paid by defendant in the usual course of business. No opposing affidavit was filed. The trial court granted summary judgment in favor of defendant on plaintiff's claim and likewise judgment for defendant on its counterclaim.

 Numerous questions have been argued on this appeal relative to the nature of travelers checks and the respective rights and obligations of the issuer and purchaser of such checks, but we do not reach those questions.[1] Underlying defendant's claim for summary judgment is its assertion that all checks have been paid by it to holders in due course in the usual course of business. The only proof of this assertion is the statement to that effect in the affidavit of defendant's vice-president. That affidavit does not comply with the rule providing for summary judgment. The trial court's rule 51(d), the same as Fed. Rule Civ.Proc. 56(e), 28 U.S.C.A., requires that affidavits supporting or opposing a motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served

1. Cases dealing with various phases of the question are: Sullivan v. Knauth, 161 App.Div. 148, 146 N.Y.S. 583, affirmed, 220 N.Y. 216, 115 N.E. 460, L.R.A. 1917F, 554; City National Bank v. American Express Co., Tex.Com.App., 16 S.W.2d 278; American Express Co. v. Anadarko Bank & Trust Co., 179 Okl. 606, 67 P.2d 55, 110 A.L.R. 972; Transcontinental & W. Air v. Bank of America, 46 Cal.App.2d 708, 116 P.2d 791; Mellon Nat. Bank v. Citizens Bank &

Trust Co., 8 Cir., 88 F.2d 128, certiorari denied, 302 U.S. 702, 58 S.Ct. 21, 82 L. Ed. 542; United States v. Petti, 2 Cir., 168 F.2d 221, judgment vacated, 336 U. S. 916, 69 S.Ct. 639, 93 L.Ed. 367, 1079; Peoples Sav. Bank v. American Surety Co., D.C.W.D.Mich., 15 F.Supp. 911; Allen v. Commonwealth, 186 Va. 376, 42 S.E.2d 838; Venable v. American Express Co., 217 N.C. 548, 8 S.E.2d 804. See also Negotiability of Travelers Checks, 47 Yale L.J. 470.

therewith." Under this rule it is mandatory that the affidavit state matters personally known to the affiant. A statement made on belief or on information and belief does not meet this requirement. Jameson v. Jameson, 85 U.S.App.D.C. 176, 176 F. 2d 58; Dewey v. Clark, 86 U.S.App.D.C. 137, 180 F.2d 766. The affidavit must not only be made on personal knowledge but must also show that the affiant possesses the knowledge asserted, i. e., that the affiant is competent to testify to the matter stated. Schwartz v. Sandidge, D.C.Mun.App., 63 A.2d 869; Walling v. Fairmont Creamery Co., 8 Cir., 139 F.2d 318; Moore's Federal Practice § 56:06. The affidavit under consideration neither states that it is made on personal knowledge nor shows that affiant has personal knowledge of the statements therein made. The closing paragraph of the affidavit states: "The foregoing statements are true and accurate to the best of your affiant's knowledge and belief." How much of the affidavit is made on knowledge and how much on belief is not disclosed. The affidavit is insufficient to support a summary judgment.

█ Furthermore, although ordered to produce the checks, defendant produced only seventeen of them. If, as defendant asserts, it has paid all the checks, it should have been able to produce the remaining thirteen or at least to account satisfactorily for their absence. The record shows that, at a hearing on the motion to produce, defendant's counsel stated he would make every effort to produce the thirteen checks, but the record contains no explanation of why they were never produced. Thus, there is no evidence to whom these checks were paid, when they were paid, under what circumstances they were paid, or even that they were in fact paid, other than the insufficient statement in the affidavit that all checks were paid. The unexplained failure to produce these checks leaves a doubt as to what the truth of the matter is. Such doubt must be resolved against one who moves for summary judgment. McConchie v. Realty Associates, D.C.Mun. App., 54 A.2d 862. Moreover, the rule above quoted requires that sworn or certified copies of all papers referred to in an affidavit shall be attached thereto or served therewith. The vice-president's affidavit referred to all of the checks but nowhere in the record are there copies of any kind of thirteen of the checks.

█ With respect to the summary judgment on the counterclaim the case is even weaker. The counterclaim rests on the alleged judgment or order of the Italian court. There is in the record a purported translation of that judgment or order but it is not officially authenticated.[2] The translator did not, and apparently could not, make oath to the genuineness of the document. He merely asserted in his affidavit that he "verily believes that the aforesaid translation truly and accurately embodies the meaning and content of the aforesaid judgment." Defendant's attorney by affidavit stated he received what he "verily believes to be a true photostatic copy of the judgment" and delivered it to the translator. The vice-president of defendant in his affidavit stated he received from Italy what he "verily believes" to be a true photostatic copy of the judgment and that he mailed it to defendant's counsel in Washington. Thus the summary judgment on the counterclaim rests entirely on what is "verily believed" to be an accurate translation of what someone else "verily believes" to be a true copy of a foreign judgment. That is not enough to support a judgment.

Reversed.

2. See the trial court's rule 40, based on F.R.C.P. 44. See also Banco De Espana v. Federal Reserve Bank, 2 Cir., 114 F.2d 438.