**UNITED STATES,**
Appellant,

v.

**JOHN McSHAIN, Inc., Appellee.**

**No. 14084.**

United States Court of Appeals District of Columbia Circuit.

Argued April 18, 1958.

Decided May 8, 1958.

Petition for Rehearing Denied June 10, 1958.

Certiorari Denied Oct. 13, 1958. See 79 S.Ct. 52.

---

8. Ibid.

Mr. George S. Leonard, Washington, D. C., with whom Asst. Atty. Gen. George C. Doub, Mr. Oliver Gasch, U. S.

Atty., and Messrs. Paul A. Sweeney, Hershel Shanks and Samuel D. Slade, Attys., Dept. of Justice, were on the brief, for appellant. Mr. Lewis Carroll, Asst. U. S. Atty., also entered an appearance for appellant.

Mr. Charles B. Murray, Washington, D. C., with whom Mr. George F. Shea, Washington, D. C., was on the brief, for appellee.

Before PRETTYMAN and WASHINGTON, Circuit Judges, and MADDEN, Judge, United States Court of Claims.\*

MADDEN, Judge.

This is an appeal from a judgment of the District Court for the District of Columbia, dismissing the plaintiff's suit for breach of contract, brought pursuant to 28 U.S.C. § 1345. The Government was the plaintiff. At the close of its case the defendant moved to dismiss the action on the ground that no contract had been proved. The motion was granted and a judgment of dismissal was entered.

The Government's evidence, which the District Court held insufficient to prove a contract, consisted of three documents. They were (1) a "Request for Proposals" for the construction of a building for the Government, copies of which document were sent to the defendant and several other contractors; (2) the submission to the Government by the defendant of a "Contractor's Proposal"; and (3) the issuance by the Government to the defendant of a "Notice of Award and Notice to Proceed."

The defendant refused to perform the alleged contract; the Government had the building built by another contractor at a price higher than the price named in the defendant's "Contractor's Proposal," and brought the instant suit to recover damages for the defendant's alleged breach of contract.

The Armed Services Procurement Act of 1947, 62 Stat. 21, 41 U.S.C.A. § 151 et seq., now recodified as 10 U.S.C. § 2301 et seq., provides in section 151(c)

---

\* Sitting by designation pursuant to provisions of Sec. 291(a), Title 28 U.S.Code.

that under certain circumstances contracts "may be negotiated by the agency head without advertising." The circumstances of the contract in question were such that it could lawfully be negotiated without advertising.

The Government's "Request for Proposals," mentioned above, was a voluminous document containing general conditions, several hundred pages of specifications, and incorporations by reference of a large number of drawings. It set 3:00 p. m., 2 October 1951 as the date and hour before which sealed proposals would be received

"for the purpose of negotiating a construction contract for furnishing all plant, labor, materials and equipment and performing all work for the above-described project in strict accordance with the specifications, schedules, addenda and drawings as follows * * * ."

It said that the proposer who was awarded the contract would be required to execute the Army Contract Form for construction contracts. It said:

"The right is reserved, as the interest of the Government may require, to reject any and all proposals and to negotiate with any proposer."

The Government's second document introduced in evidence was the defendant's "Proposal" dated October 2, 1951. It says

"In compliance with your Request for Proposals * * * the undersigned hereby proposes to furnish the plant, labor, materials and equipment and perform all work for the above-described project in strict accordance with the specifications, schedules, drawings and addenda

* * * * * *

for the consideration of * * * $6,574,825. * * * and agrees, upon receipt of written notice of an award of the contract within thirty days after the date of opening of the proposal, that he will execute contract Form No. R–5701 in accord-

ance with the proposal as accepted * * * ."

The Government's third document was its "Notice of Award and Notice to Proceed," adressed to the defendant, and saying

"You are hereby notified that your proposal dated 2 October 1951, in the total amount of $6,574,825.00 * * * is accepted * * * .

* * * * * *

This is your formal notice to proceed with the work under the contract. * * *

The defendant's answer admitted the allegation of the complaint that "Defendant did not * * * proceed with the work * * * ."

We see, in the above-described documents introduced by the Government, a text-book example of a contract. There was an invitation to the defendant to make an offer, an offer, and its acceptance. The defendant says that the invitation was an invitation to it to submit something which would be the subject of a "negotiation." Negotiation is a process of submission and consideration of offers until an acceptable offer is made, and accepted, or until it becomes apparent that no acceptable offer will be made. The brevity or the length of the haggling does not remove it from the definition of negotiation. If the first offer is accepted, the negotiation is concluded and a contract is made, just as it would be if the fifth or the fiftieth offer had been the accepted one.

The defendant, when it submitted its proposal, could not possibly, unless because of some extraneous circumstance which eludes our imagination, have desired that the Government reject its proposal and begin negotiations. That could only have meant that the Government would try to beat down the price, or add to the required work, or somehow get a more favorable bargain for the Government.

■■ The only question before the District Court was the question of the

interpretation of written documents. That is a "question of law" as to which this court is not bound by the "clearly erroneous" provision of Fed.Rules Civ. Proc. rule 52(a), 28 U.S.C.A. McWilliams Dredging Company v. United States, 1950, 118 Ct.Cl. 1; Dollar v. Land, 1950, 87 U.S.App.D.C. 214, 184 F.2d 245, 248–249, certiorari denied 340 U.S. 884, 71 S.Ct. 198, 95 L.Ed. 641, rehearing denied 340 U.S. 948, 71 S.Ct. 530, 95 L.Ed. 684. Our conclusion is that the ruling of the District Court on the defendant's motion to dismiss was erroneous. The Government having made a prima facie case, the defendant should have been put to its proof. The question whether that proof will refute the Government's claim is not, of course, before us, and we intimate no view concerning it.

The judgment of the District Court must be reversed and the case remanded.

Reversed and remanded.