Lilli HOLTZE, Appellant,

v.

The EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Appellee.

No. 74–1662.

United States Court of Appeals, District of Columbia Circuit.

Argued Feb. 25, 1975.

Decided Dec. 17, 1976.

---

James M. O'Neill, Washington, D.C., with whom Roger M. Dougherty and Francis Clark Barrie, Washington, D.C., were on brief, for appellant.

Robert S. Bennett, Washington, D.C., with whom Anne W. Foley, Washington, D.C., was on the brief, for appellee.

Before LEVENTHAL and ROBINSON, Circuit Judges, and MILLER,* Judge, United States Court of Customs and Patent Appeals.

Opinion for the Court filed by Judge MILLER.

MILLER, Judge:

This appeal is from the judgment of the district court on cross-motions for summary judgment denying the motion of plaintiff-appellant and granting the motion of defendant-appellee. The controversy involves rescission of and refusal to pay under an insurance policy for $100,000 on the life of the late husband of Lilli Holtze (the beneficiary) by Equitable Life on the ground of alleged misrepresentations in the application for insurance. The controlling issue is whether the two-year period for contestability by Equitable Life expired before or after the death of the insured. We reverse.

### BACKGROUND

In the latter part of 1969, Mr. Holtze, who at all relevant times was a resident of Maryland, applied to Equitable Life for a term life insurance policy in the amount of $100,000. He completed Part I of the application on October 10, 1969, and Part II on October 20, 1969. Upon receipt of the first annual premium, Equitable Life through its authorized agent issued a conditional receipt dated October 24, 1969. According to the affidavit of appellee's agent, the application was filled out in the office of Mr. Holtze at Rockville, Maryland, and the conditional receipt was mailed to Mr. Holtz at that office. In pertinent part, the conditional receipt provides:

If a satisfactory Part II of the application is furnished to the Society and if the Society shall be satisfied after such investigation and such medical examinations as it may require that the Proposed In-

---

* Hon. JACK R. MILLER, sitting by designation pursuant to 28 U.S.C. § 293(a).

sured is on this date insurable and qualified under the Society's rules and standards for insurance in the amount and on the plan applied for and at the premium specified herein, the insurance applied for *shall take effect and be in force* subject to the provisions of the policy applied for *from the date of this receipt; if not so insurable and qualified,* no insurance shall take effect hereunder . . . [Emphasis supplied.]

Approximately one month later, Equitable Life issued the formal policy which bore a register and issue date of November 28, 1969, and was delivered by appellee's agent to the insured in Maryland. The insured died on November 19, 1971. Equitable Life refused to pay, gave notice that the policy was rescinded, and tendered all premiums that had been paid. The tender was refused, and this action was brought to recover the face amount of the policy.

The incontestability clause of the policy provides that—

this policy will be incontestable, except for nonpayment of premiums, after it has been in force during the lifetime of the Insured for two years from the Date of Issue shown on page three [November 28, 1969].

However, plaintiff-appellant maintained that the period of contestability began to run on October 24, 1969, the date of the conditional receipt, and that Equitable Life could not contest the policy because Mr. Holtze's death and the notice of rescission of the policy occurred more than two years thereafter. She cited *American Nat'l Ins. Co. v. Motta,* 404 F.2d 167 (CA 5 1968), in which the court determined that the terms of the policy and the conditional receipt were ambiguous and resolved the ambiguity in favor of the insured (the earlier date of the conditional receipt).

The district court, which concluded that Maryland law is applicable,[1] said:

This court, however, is not persuaded that any ambiguity exists in the instant case. . . . The language of the conditional receipt is not inconsistent with the clear reference to November 28, 1969, as the date from which the incontestability [sic] period is to be computed. In addition, the court notes that the Date of Issue is also the date on which annual premiums become due. This fact reenforces the conclusion that November 28, 1969 is the effective date of the policy from which the contestability period is to be measured.

Therefore, the district court denied plaintiff-appellant's motion for summary judgment.[2] It then turned to defendant-appel-

---

1. In support of the respective motions for summary judgment, appellee argued that Maryland law applies, while appellant argued that the law of the District of Columbia is applicable, stating:

 The law of the District of Columbia is even more stringent than that of Maryland in that it adheres to the majority view that actual court action within the incontestability [sic] period is required to stop its running. *Densby vs. Acacia Mutual Life Association,* [64 App.D.C. 319], 78 F.2d 203 citing *Mutual Life Insurance Co. vs. Hurni Packing Co.* (C.C.A. [8] ) 280 F. 18 affirmed by the Supreme Court on the ground that more than two years had elapsed before any act of contest occurred. 263 U.S. 167, 44 S.Ct. 90 [68 L.Ed. 235].

 However, on this appeal both parties have premised their arguments on applicability of Maryland law. Also, Art. 48A, § 337A, Code of Maryland, provides in part as follows:

 No life insurance policy . . . shall be delivered or issued for delivery in this State if it contains any of the following provisions:

 (1) A provision that the contract is to be construed according to the laws of any other state or country.

 (2) A provision that the rights and obligations of the insured or any person claiming under such contract are to be governed by any other than the laws of this State.

 In view of the foregoing and of the record before us, we are persuaded that the district court's conclusion was correct. *See* Martin, *Constitutional Limitations on Choice of Law,* 61 Cornell L.Rev. 185 (1976).

2. This was the second such motion, the first having been denied. Following that denial, plaintiff-appellant obtained a deposition from Equitable Life's agent, Harris P. Jones, who stated that he had made a mistake in computing the amount of the first premium. His statements also confirm that the insurance coverage issued was the same as that for which Mr. Holtze applied. The deposition was the basis for plaintiff-appellant's argument (in support of her second motion for summary judgment) that

lee's cross motion for summary judgment, considered the evidence, held that the misrepresentations made by the insured in his application for insurance were material as a matter of law, and granted the motion. Hence this appeal.

### CERTIFICATION TO MARYLAND COURT OF APPEALS

Following this court's consideration of briefs and oral arguments on appeal along with pertinent Maryland court decisions, it was concluded that clarification of two sections of Art. 48A, Code of Maryland, was required, particularly with respect to their application to the facts of this case. These sections provide as follows:

§ 364. "Policy" defined.

"Policy" means the written instrument in which the contract of insurance is set forth, and includes all clauses, riders, endorsements and papers attached thereto or made a part thereof.

§ 390. Same [standard life insurance provisions]—Incontestability.

There shall be a provision that the policy (exclusive of provisions relating to disability benefits or to additional benefits in the event of death by accident or accidental means) shall be incontestable, except for nonpayment of premiums, after it has been in force during the lifetime of the insured for a period of two (2) years from its date of issue.

In a memorandum remanding the record to the district court, we indicated our interest in: (1) what items in the record constitute the "written instrument in which the contract of insurance is set forth" for purposes of section 364; and (2) what was the "date of issue" of the involved policy (*i. e.* the

"written instrument in which the contract of insurance is set forth") for purposes of section 390. We requested the district court to endeavor to provide information which would assist this court with respect to these questions and to consider certification to the Maryland Court of Appeals of appropriate questions under Maryland's Uniform Certification of Questions of Law Act, § 12–601, et seq., Annotated Code of Maryland (Courts and Judicial Proceedings).[3]

The district court conducted a further hearing and had the parties submit additional briefs. It then ordered that the following questions be certified to the Maryland Court of Appeals:

1. What items in the record constitute the "written instrument in which the contract of insurance is set forth" for purposes of Art. 48A, § 364, Maryland Code . . . ?

2. What was the "date of issue" of the involved policy (*i. e.*, the "written instrument in which the contract of insurance is set forth") for purposes of Art. 48A, § 390, Maryland Code . . . ?

Following submission of briefs and oral argument of the parties, the Maryland Court of Appeals issued its opinion (*Lilli Holtze v. The Equitable Life Assurance Soc'y of the United States*, 276 Md. 681, 351 A.2d 139 (1976)),[4] in which it determined that there was an ambiguity in the involved policy and held as follows:

On the facts before us, we hold that (1) the conditional receipt, together with Parts I and II of the application, are part of the "written instrument in which the contract is set forth." (2) "the date of issue" of "the written instrument in

---

there was no issue of material fact as had been alleged by Equitable Life in its opposition to the first motion, namely: "The conditional receipt issued to the deceased Per-Olof Holtze was not for the policy as issued."

**3.** § 12–601 provides:

The Court of Appeals may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States, a United States District Court . . . when requested by

the certifying court if there is involved in any proceeding before the certifying court a question of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the Court of Appeals of this state.

**4.** The court said: "So far as we are aware, neither § 364 . . . nor § 390 . . . has previously been considered by this Court."

which the contract of insurance is set forth" was October 24, 1969, and that the two-year period of contestability commenced to run on that date.

Thereupon, the district court submitted the augmented record to this court. Both parties have filed a supplemental memorandum, and appellant has filed a reply to appellee's supplemental memorandum.

## OPINION

Appellant argues that the highest court of the State of Maryland has provided, pursuant to its jurisdiction under the Uniform Certification of Questions of Law Act and the Order for Certification forwarded by the district court at the suggestion of this court, a determination of the Maryland law with respect to the statutory provisions in question; that the Maryland Court of Appeals has determined that the "date of issue of the involved policy" was October 24, 1969, for purposes of Art. 48A, § 390, Code of Maryland; that since Maryland law is controlling, the determination of the Maryland Court of Appeals is the law of the case and must be dispositive of the issues citing *Erie R. R. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938); *Rosenthal v. New York Life Ins. Co.*, 304 U.S. 263, 58 S.Ct. 874, 82 L.Ed. 1330 (1938); and *Ruhlin v. New York Life Ins. Co.*, 304 U.S. 202, 58 S.Ct. 860, 82 L.Ed. 1290 (1938); that the date of issue of the involved policy having thus been determined to be October 24, 1969, the period of contestability expired prior to the death of the insured, so that the defense of misrepresentation raised by appellee is barred; and that the judgment of the district court should be reversed and judgment entered for appellant.

Appellee argues that the determination of the Maryland Court of Appeals is not controlling because it rests entirely on that court's conclusion that the involved policy was ambiguous; that its determination is not the law of the case and dispositive of the issues, because the *Erie* doctrine applies only where federal jurisdiction rests on diversity of citizenship,[5] which is not present in this case; that the determination by the Maryland Court of Appeals is, therefore, essentially an advisory opinion; that the district court found the involved policy not to be ambiguous; that its finding should not be set aside; and that summary judgment for appellee should be affirmed.

■ We are persuaded that appellee has misapprehended the opinion of the Maryland Court of Appeals. The court first dealt with the question of what items in the record constitute the "written instrument in which the contract of insurance is set forth" for purposes of Art. 48A, § 364, and said:

We have no hesitancy in concluding that the conditional receipt given to Mr. Holtze on October 24, 1969, together with Parts I and II of his application for insurance dated October 10 and October 20, respectively, came within the ambit of "clauses, riders, endorsements and papers attached thereto [the "written instrument"] or made a part thereof" as set forth in § 364.

This conclusion was the basis for its holding that—

(1) the conditional receipt, together with Parts I and II of the application, are part of the "written instrument in which the contract is set forth."

Obviously such a response to the first certified question did not rest on any consideration of ambiguity. It is an interpretation of a Maryland statute which we believe the statutory courts of the District of Columbia would follow in a like case—if not under the full faith and credit clause, then as dictated by sound principles of law. *See* Martin, *Constitutional Limitations on Choice of Law, supra* note 1.

With respect to the response of the Maryland Court of Appeals to the second certified question, the court held "the date of issue" (for purposes of Art. 48A, § 390) to

---

5. The jurisdiction of the United States District Court for the District of Columbia in this case rests on D.C.Code § 11–501(4).

be October 24, 1969, on the basis of its determination that an ambiguity "is readily apparent." The court did not say what the date of issue would have been if there had been no ambiguity, and it would have been gratuitous for it to have done so, because the certified question related to the date of issue "of the involved policy." The court's response constitutes a reasonable application of the governing Maryland statute to the involved policy which we believe the statutory courts of the District of Columbia would also follow in a like case.

■ The determination, in the course of interpreting a contract, that an ambiguity exists is a matter of law (*United States v. John McShain, Inc.*, 103 U.S.App.D.C. 328, 258 F.2d 422, *cert. denied*, 358 U.S. 832, 79 S.Ct. 52, 3 L.Ed.2d 70 (1958); *Battista v. Horton, Myers & Raymond*, 76 U.S.App. D.C. 1, 128 F.2d 29 (1942)), to which the clearly erroneous rule does not apply. *Case v. Morrisette*, 155 U.S.App.D.C. 31, 475 F.2d 1300 (1973). The determination of the Maryland Court of Appeals on this point is controlling here, and had this been available at the time of the original decision the district court would have undoubtedly followed it.

■ The district court was without benefit of the holding of the Maryland Court of Appeals that, for purposes of Art. 48A, § 364, the conditional receipt is a part of the "written instrument in which the contract is set forth." The significance of this holding to a determination of the existence of an ambiguity results from the requirement in Art. 48A, § 390, that:

> There shall be a provision that the policy . . . shall be incontestable . . . after it has been in force during the lifetime of the insured for a period of two (2) years from its *date of issue.* [Emphasis supplied.]

Since the conditional receipt, dated October 24, 1969, provides that "the insurance applied for shall take effect and be in force . . . from the date of this receipt," the mandate of Art. 48A, § 390, would require that the contestable period begin to run from October 24, 1969, rather than from

November 28, 1969, provided elsewhere in the same "written instrument in which the contract is set forth." *Cf. American National Ins. Co. v. Motta*, 404 F.2d 167 (CA 5 1968).

Appellee further argues that if the judgment of the district court granting appellee's motion for summary judgment should be reversed, there remain substantial issues to be tried. It refers specifically to its contentions below that insurance did not take effect pursuant to the conditional receipt because of the fact that the policy issued on November 28, 1969, was at a higher premium than that specified in the conditional receipt; and that the insured was not an insurable risk on the date of the conditional receipt, so that coverage did not exist prior to November 28, 1969, "when the formal policy issued." The argument is without merit. As pointed out above, under Maryland law as determined by its highest court the conditional receipt is a part of the policy of insurance and the "date of issue" of the involved policy was October 24, 1969. The time within which appellee could raise the issue of Mr. Holtze's insurability expired two years later. Moreover, the conditional receipt provided that Equitable—

> shall be satisfied after such investigation and such medical examinations as it may require that the Proposed Insured is on this date insurable and qualified under the Society's rules and standards . . . . .

■ Presumably Equitable was satisfied that Mr. Holtze was insurable and qualified; otherwise, the formal policy would not have been issued and delivered, and there would have been no meeting of the minds of the parties regarding insurability, must less coverage from the date of the conditional receipt. Having accepted the first annual premium and having issued and delivered the formal policy, Equitable is in no position, after the period of contestability has expired, to raise the point that coverage did not exist prior to November 28, 1969. *See Prudential Ins. Co. of America v.*

*Brookman,* 167 Md. 616, 620, 175 A. 838, 840 (1934).

 The premium adjustment point was not raised by appellee following appellant's second motion for summary judgment below. Also, we note that the statement in the conditional receipt with respect to the insurance *not* taking effect refers only to whether the applicant is "insurable and qualified"; and that the premium adjustment was occasioned by the mistake of appellee's agent, which would not have prevented coverage from taking effect. *See* 7 *Williston on Contracts* § 908, at 324 (3d ed. 1963); *Travelers' Ins. Co. v. Melman,* 147 Md. 459, 128 A. 125 (1925).

In view of the foregoing, the judgment of the district court is reversed and the case is remanded with instructions to grant appellant's motion for summary judgment.