Robert W. POTTER, Plaintiff/Appellee,

v.

RANGER INSURANCE COMPANY,
Defendant/Appellant.

No. 83–4012.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 1984.
Decided May 4, 1984.

Arona S. Blachman, Lynch, Farney &
Crosby, Anchorage, Alaska, for defend-
ant/appellant.

Ronald Bliss, Bradbury, Bliss & Riordan, Anchorage, Alaska, for plaintiff/appellee.

Before BROWNING and CANBY, Circuit Judges, and CROCKER *, District Judge.

PER CURIAM:

Ranger Insurance appeals from the District Court's decision that exclusion 4(b) of the Ranger Insurance policy is ambiguous, thereby requiring actual knowledge by an insured of the facts giving rise to an ineffective airworthiness certificate before an insured is excluded from coverage.

The policy language in issue reads as follows:

*"This policy does not apply* :

. . . . .

4. To any Insured:

... (b) who operates or permits the operation of the aircraft, while in flight, unless its airworthiness certificate is in full force and effect. . . ."

■ This Court is not limited to reviewing the District Court's contractual interpretation of exclusion 4(b) under the "clearly erroneous" standard. A determination that an ambiguity exists is a matter of law to which a *de novo* standard of review applies. There is no presumption in favor of the judgment of the District Court because the Court of Appeals is in as good a position to interpret the written contract as was the District Court. *City of Austin, Tex. v. Decker Coal Co.,* 701 F.2d 420 (5th Cir.1983), cert. denied, — U.S. —, 104 S.Ct. 348, 78 L.Ed.2d 314; *Holtze v. Equitable Life Assur. Soc. of United States,* 548 F.2d 1037, 1042 (D.C.Cir.1976).

■ Alaska law applies to this diversity of citizenship action. Under Alaska law, insurance policies are taken as contracts of adhesion when interpreting policy language. Insurance policies are construed so as to provide coverage which a layman would have reasonably expected from the policy, and any ambiguity or uncertainty in an insurance clause is to be narrowly construed against the insurer. *United States Fire Insurance Co. v. Colver,* 600 P.2d 1, 3 (Alaska 1979); *Hahn v. Alaska Title Guaranty Co.,* 557 P.2d 143, 144 (Alaska 1976).

■ However, contracts are not rendered ambiguous by the mere fact that the parties do not agree on the meaning of a specific policy term. *City of Austin, Tex. v. Decker Coal Co., supra* at 426; *Jarvis v. Aetna Casualty and Surety Co.,* 633 P.2d 1359, 1363 (Alaska 1981). Ambiguity exists only when the policy terms at issue are subject to reasonable differing interpretations. *United States Fire Insurance Co. v. Colver, supra.*

In interpreting exclusion 4(b), the District Court cited two aviation cases where the court found an insurance contract exclusion provision to be ambiguous and interpreted it as requiring knowledge and consent that the aircraft was operated in violation of certain regulations before coverage could be denied. In *Bankers Indemnity Insurance Co. v. Green,* 181 F.2d 1, 2 (5th Cir.1950), the insurance policy did not cover "(a)ny operation, with the consent of the insured, ... in violation of the United States Federal Regulations. . . ." In *Visco Flying Co. v. Hansen and Rowland, Inc.,* 184 Cal.App.2d 829, 7 Cal.Rptr. 853 (1960), the insurance policy did not apply "while the aircraft with the knowledge and consent of the Assured is being operated in flight:—A. In violation of Civil Aeronautics Administration regulations pertaining to the Airworthiness Certificate. . . ."

■ In the instant case, both Potter and the District Court conceded that the exclusion language in the above two cited cases was less ambiguous than in the instant case, i.e., in the above two cases it was fairly clear that the exclusion only applied

---

* Honorable M.D. Crocker, Senior U.S. District Judge for the Eastern District of California, sitting by designation.

**744**

if the insured had knowledge of the violations. It is the opinion of this court that the contract language in the instant case is readily distinguishable from the contract language in the above two cited cases.

In the instant case, exclusion 4(b) excludes from coverage any insured who "permits the operation of the aircraft while in flight *unless* its airworthiness certificate is in full force and effect". (emphasis added) The placement of the word "unless" directly preceding the language regarding the airworthiness certificate makes it clear that the plane will not be covered unless there is a valid, effective airworthiness certificate.

To uphold Ranger's interpretation of the contract, we need not decide that it is the only interpretation of the clause that is imaginable; it is sufficient that it is the only one that is reasonable. *Southwestern Stationery & Bank v. Harris Corp.*, 624 F.2d 168, 170 (10th Cir.1980). It is this court's opinion that a lay person would reasonably expect after reading exclusion 4(b), that he would be denied coverage if the airworthiness certificate was not in effect, regardless of whether or not he had knowledge that it was not in effect. The obvious import of the exclusion clause is that the insurance company does not want to insure any plane that does not have a valid airworthiness certificate.

■ Potter has conceded that the airworthiness certificate on the aircraft was not in full force and effect at the time of the crash. In light of the foregoing discussion, it is irrelevant that Potter did not have actual knowledge either that the certificate was ineffective or of the flight itself.

REVERSED and REMANDED to enter judgment in accordance with this Opinion.