DORA MYLANDER ET AL. *v.* JOSEPH P. CONNOR, REGISTER OF WILLS

[No. 56, January Term, 1937.]

*Decided April 9th, 1937.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Walter C. Mylander* and *Nathan Patz,* with whom was *Henry A. Mylander* on the brief, for the appellants.

*William L. Henderson, Assistant Attorney General,* with whom was *Herbert R. O'Conor, Attorney General,* on the brief, for the appellee.

SHEHAN, J., delivered the opinion of the Court.

This suit, brought in the Circuit Court for Baltimore County, challenges the validity of chapter 124 of the Acts of 1936, 1st Ex. Sess., because of the alleged insufficiency of its title, and want of compliance with article

3, section 29, of the Constitution of Maryland, which requires that "every law enacted by the General Assembly shall embrace but one subject, and that shall be described in its title." The sufficiency of the title of this act is the principal question here presented.

The appellants filed a bill of complaint alleging that a number of parcels of real property had been purchased by Florence, Dora, and Kate E. Mylander, and this property had been conveyed to them as joint tenants; that Florence died June 26th, 1936, and her interest had passed to her surviving joint tenants, and that the appellee, the Register of Wills of Baltimore County, had claimed the payment of the tax based upon one-third of the value of the said properties as of the date of her death. The Register of Wills of Baltimore County is authorized and directed to make this collection. In the bill of complaint it is charged that this act is unconstitutional and void by reason of its failure to comply with article 3, section 29, of the Constitution of Maryland, in that the title does not describe the subject embraced. There was a demurrer to the bill of complaint, which admits the facts that are well pleaded and presents to this court the legality of the title to the act of assembly in question. The appellants also contend that the act is retrospective in its effect, capricious in its design, and is "lacking of implementing force" and is, therefore, a nullity.

The title to which this attack is directed is as follows: "An Act to repeal and re-enact, with amendments, Sections 104-A, 105, 105-A, 106, 108, 115, 116, 118, 119, 120, 124, 126 and 127 of Article 81 of the Annotated Code of Maryland, 1935 Supplement, title 'Revenue and Taxes,' sub-title 'Inheritance Tax,' and to add a new section to be known as Section 132-A, and to follow immediately after Section 132, said new section providing for reciprocity with other States in respect to the collection of the inheritance tax and similar taxes upon the estates of non-resident decedents." Acts 1936, 1st Ex. Sess. ch. 124. The sections of the act which are repealed and

re-enacted, and to which this act of assembly refers, deal in most part with the taxation imposed upon properties passing at the death of the owner to others. Section 104A concerns property which the father, mother, husband, etc., or lineal descendants acquire from a decedent. Section 105 deals with the property and the tax thereon passing to persons other than those named in the previous section, and section 105A deals with properties passing either by will or under the intestate laws of this state, or by deed, gift, grant, bargain, or sale made in contemplation of death or intended to take effect in possession at or after the death of a decedent, including property in which the decedent, prior to his death, had an interest as joint tenant or tenant in common, and provides, "In cases of joint tenancy, where the interests are not otherwise specified or fixed by law, the interest passing shall be determined by dividing the value of the property by the number of joint tenants." The title to the act specifically refers to those sections of article 81 of the Annotated Code of Maryland, 1935 Supplement, and by name or number specifically repeals and re-enacts them with amendments. This has always been held to be a sufficient description to satisfy the constitutional requirement that the subject-matter shall be described in the title to the act. The question has been raised in a number of recent cases. Beginning with the case of *Worcester County v. School Commissioners*, 113 Md. 305, 307, 77 A. 605, Judge Urner said, "Upon the appeal now before us it becomes the duty of this court to construe and apply for the fifty-eighth time the clause of section 29, article 3, of the State Constitution, which provides that 'every law * * * shall embrace but one subject and that shall be described in its title.' " The title considered in that case has a marked resemblance to that in the instant case, and it is perfectly clear here, as there, that, except for the final clause in the title, there can be no question, by reason of the numerous decisions to the effect that reference to the Code article and section is sufficient compliance with the constitutional provision, and it was there

stated: "It is perfectly clear that, if the last clause of the title had been omitted, there could be no question whatever as to the validity of the disputed section, as it has been repeatedly held that a title is adequate which describes the act by reference to the article of the Code in which it is to be incorporated."

And that is precisely what the present act in question does. The same doctrine is to be found in *Todd v. Frostburg*, 141 Md. 693, 696, 119 A. 696; and in *Dean v. Slacum*, 149 Md. 578, 132 A. 73, where the subject was further elaborated by Judge Urner; and in *Baltimore v. Fuget*, 164 Md. 335, 165 A. 618, where the same character of designation of the subject of the act was used. And in the still later case of *Bevard v. Baughman*, 167 Md. 55, 173 A. 40, the question was again before this court, and Judge Digges there again stated that it had been frequently held that a reference to the article and section of the Code in which the enactments were to be incorporated was a sufficient description of the subject-matter. There can be no doubt that these sections are germane to the general subject to which the title refers. They relate generally to taxation, and especially to the imposition of taxes upon the right to pass or transfer property from one to another, either by acts *in pais,* or by descent, inheritance, devise, by operation of the common law, or otherwise. These various provisions are germane in purpose or effect, and are incorporated under the subtitle "Inheritance Tax," and this equally applies to the present act.

It may be stated, in regard to this case, as in *Worcester County v. School Commissioners, supra,* it is clear that if the last clause of this title had been omitted there could be no question whatever as to the validity of the disputed section, but does the addition, in this case, of the subsequent part of the title, render the act invalid? We can see no force in this. The whole matter refers to revenue and taxes, and the incorporation or placing of these sections under the subtitle "Inheritance Tax" cannot render this act invalid. The phrase "Inheritance Tax" is a des-

ignation or subdivision of the subject for convenience. It does not appear as an integral part of any one of the sections, but rather as a convenient and comprehensive designation of germane subjects, and under this subtitle or designation there are numerous provisions in a number of sections that are not, in a restricted sense, objects or property of inheritance. The phrase must be taken or accepted as referring to the passing of property by succession in any form upon the death of the owner. It is abundantly clear that, under all the decisions and under the general purposes of the law, this title is adequate to meet the constitutional requirements. It is with reluctance and only in clear cases of a violation of this constitutional provision, that acts will be held invalid. There must be something contained in the act repugnant to the title or something altogether foreign to the subject-matter described, or something incorporated in the act in flagrant disregard of the constitutional provision, and where a title is descriptive to some extent, it must go far to fix the understanding of its purpose among legislators and interested members of the public. *State v. Archer*, 73 Md. 44, 20 A. 172. The principal design of this constitutional provision, limiting each act of assembly to one subject, and that subject to be described in the title, was obviously to avoid deception and the passing of acts of assembly without an adequate knowledge of their purpose. To prevent the incorporation into legislation of provisions not germane to the general plan of the proposed enactments was the aim of this constitutional requirement, as well as to inform the public of the nature and purposes of the act after its passage. None of these reasons apply or can be assigned in the instant case for holding the act to be void because of a defect in its title.

The contention made by the appellants that the act is retrospective, in that it affects property acquired before the passage of the act, is not tenable, because that is not the theory upon which this tax is imposed. There is nothing in any of the cases in this state to justify a contention of this character, and the Supreme Court of the

United States, in the case of *Griswold v. Helvering*, 290
U. S. 56, 54 S. Ct. 5, 78 L. Ed. 166, had before it this
question. There the imposition of a tax on the one-half
interest of a joint tenant held under a purchase ante-
dating the adoption of the law, where the decedent died
while the provision was in force, as in this case, was
held not to give to the act a retroactive effect, since the
cessation of the decedent's interest and control at his
death presents the proper occasion for the imposing of
the tax, and, elaborating this principle, the Supreme
Court there said: "Whether this application of the statute
gives it a retroactive effect is the sole question here
involved; and with that we find no difficulty. Under the
statute the death of decedent is the event in respect of
which the tax is laid. It is the existence of the joint
tenancy at that time, and not its creation at the earlier
date, which furnishes the basis for the tax. By the judg-
ment under review, only half of the value, that is to say,
the value of decedent's interest, has been included,
leaving the survivor's interest unaffected. After the cre-
ation of the joint tenancy, and until his death, decedent
retained his interest in, and control over, half of the
property. Cessation of that interest and control at death
presented the proper occasion for the imposition of a
tax. See *Gwinn v. Commissioner of Internal Revenue*,
287 U. S. 224, 53 S. Ct. 157, 77 L. Ed. 270, and cases
cited. And since that is all that is sought to be reached
by the tax here in question, the complaint that the statute
has been given a retroactive application obviously is with-
out substance. The statute as applied does not lay a tax
in respect of an event already past, but in respect of one
yet to happen." There is no case in this state directly
in point. The above views expressed by the Supreme
Court of the United States may be taken as conclusive
in point of reason on this subject.

The further contention of the appellants that the act
is capricious or unreasonable and has no "implementing
force" is not supported by reason or authority, and need
not be further considered.

Finding no error in the ruling of the lower court and in the order dismissing the bill of complaint, the decree of the lower court must be affirmed.

> *Decree affirmed, costs to be paid by the appellants.*