Pearl McKIMMEY, Petitioner,

v.

DISTRICT OF COLUMBIA, Respondent.

No. 16565.

United States Court of Appeals District of Columbia Circuit.

Argued Dec. 14, 1961.

Decided Feb. 23, 1962.

---

Mr. E. W. Mollohan, Jr., Washington, D. C., with whom Mr. Donald S. Caruthers, Washington, D. C., was on the brief, for petitioner.

Mr. Henry E. Wixon, Assistant Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corp. Counsel, and Milton D. Korman, Principal Asst. Corp. Counsel, were on the brief, for respondent.

Before WASHINGTON, DANAHER and BASTIAN, Circuit Judges.

WASHINGTON, Circuit Judge.

This case concerns the impact of the District of Columbia inheritance tax on the surviving owner of property held in joint tenancy. It presents the question whether the inheritance tax is payable, under Section 47–1602 of the District of Columbia Code (1961), on one half of the value of shares of stock held jointly by the decedent and the survivor, the petitioner here, where the decedent made no contribution to the purchase of the shares. The District of Columbia Tax Court upheld the assessment of the tax against petitioner. This petition followed.

The petitioner is the sister of the decedent. Prior to the latter's death, the petitioner purchased with her own funds shares of stock which she registered jointly in the names of herself and the decedent, with right of survivorship. During the decedent's lifetime the petitioner exercised sole control over the shares, and received and enjoyed all of the income therefrom. Petitioner testified, and the Tax Court found, that her purpose in registering the shares in the joint names of herself and the decedent was to assure that the decedent as survivor would receive the shares if petitioner predeceased her. At the date of the decedent's death the shares of stock held jointly by petitioner and decedent had a value of $42,516.35. An inheritance tax of $712.33 was assessed on one half of the value of the shares so held.

The District of Columbia Code has, since 1937, imposed an inheritance tax upon the transfer of property by death. D.C.Code § 47–1601(1961). Section 47–1602 requires that the tax be imposed on the market value of the property or interest of the decedent therein on the date of death, and provides specifically that—

"The taxable portion of real or personal property held jointly or by the entireties shall be determined by dividing the value of the entire property by the number of persons in whose joint names it was held."

We agree with the Tax Court that this provision clearly subjects to the inheritance tax one half of the value of the shares held jointly by the decedent and the petitioner. The language of the statute determines the taxable portion on the basis of legal title. It makes no exception, even where the surviving joint tenant has furnished the consideration for the purchase of the property, has controlled it, and has enjoyed the income therefrom during the decedent's life-

time.[1] In the face of such a provision, we are not justified in grafting an exception on the statute, particularly when we consider the parallel legislation in the national sphere. For in enacting the Federal estate tax, Congress chose to tax jointly held property on the basis of the original ownership of the property or the consideration supplied in acquiring it.[2] But in legislating for the District, Congress did not adopt that method. Congress' choice of the present statutory plan for the District of Columbia was thus clearly deliberate.

Petitioner does not challenge the constitutional validity of the tax if we conclude, as we have, that it is imposed by the statute. Nor does the petitioner say that she did not intend to create a joint tenancy in the stocks. Her only contention is that the statute was erroneously construed as imposing a tax where the decedent held only the bare legal title to one half of the shares. But it is of course clear that decedent held more than a bare legal title. A joint tenancy with survivorship rights having been intended and created,[3] the decedent not only held the legal title jointly with the petitioner but possessed the right of survivorship, and possibly other rights.[4] It can no longer be open to question that the valu-

1. Statutes in some of the states contain provisions similar or analogous to that of the District statute under consideration, and such statutes have been construed—and their constitutionality, when attacked, sustained—as subjecting to a succession or inheritance tax the value of the decedent's proportionate fractional interest in the property, regardless of the amount of his contribution in acquiring it, and regardless of the reason for creating the joint tenancy. See In re Cochrane's Estate, 342 Pa. 108, 20 A.2d 305, 135 A.L.R. 1058 (1941); Commonwealth v. Nolan's Estate, 345 Pa. 98, 26 A.2d 308 (1942); McLaughlin v. Cooper's Estate, 128 Conn. 557, 24 A.2d 502 (1942); In re Hounsell's Estate, 252 Wis. 138, 31 N.W.2d 203 (1948); and see the North Dakota statute referred to in In re Berzel's Estate, 101 N.W.2d 557, 562 (N.Dak., 1960). Also see 7 Ann.Code of Maryland, Art. 81, § 151 (1957), making the form of the account or registration controlling, in the case of joint bank accounts, or of joint building or homestead association accounts or shares, or of registered securities, and providing that the interest passing at death, where not otherwise specified or fixed by law, shall be determined by dividing the value of the property by the number of joint tenants; and Mylander v. Connor, 172 Md. 329, 191 A. 430 (1937), upholding its validity. Compare In re McKelway's Estate, 221 N.Y. 15, 116 N.E. 348, L.R.A.1917E, 1143 (1917); Marble v. Jackson, 245 Mass. 504, 139 N. E. 442 (1923); and Tax Commission of Ohio v. Hutchison, 120 Ohio St. 361, 166 N.E. 352 (1929).

2. See the Revenue Act of 1916, § 202(c), 39 Stat. 756, 778, including in the decedent's gross estate the entire value of property held jointly by the decedent and another person, "except such part thereof as may be shown to have originally belonged to such other person and never to have belonged to the decedent." Section 402(d) of the Revenue Act of 1921, 42 Stat. 227, 278, amended this provision to except such part of the jointly owned property "as may be shown to have originally belonged to such other person and never to have been received or acquired by the latter from the decedent for less than a fair consideration in money or money's worth" and to add a proviso that the gross estate shall include one half of the value of property held in joint tenancy acquired through gift or inheritance if the interests of the tenants therein are not otherwise specified or fixed by law. The Federal estate tax provision has remained substantially the same since 1921, except that the words "fair consideration" in the 1921 Act have been changed to read "an adequate and full consideration." Revenue Act of 1926, § 302(e), 44 Stat. 9, 71, 26 U.S.C.A.Int.Rev.Acts; Int.Rev.Code of 1939, § 811(e), 26 U.S.C.A. § 811(e); Int Rev.Code of 1954, § 2040, 26 U.S.C.A. § 2040. It will be noted that the provision relating to jointly held property acquired through gift or inheritance is similar in its effect to the District statute.

3. Petitioner's intention to create survivorship rights in both joint tenants is undisputed. Cf. Imirie v. Imirie, 100 U.S. App.D.C. 371, 372, 246 F.2d 652, 653 (1957), and cases there cited. Here, on the record presented, it does not appear that any principle of public policy would be violated by recognizing the tenancy.

4. Whether the decedent had other substantial rights of ownership in the shares is a subject we need not explore, particularly in view of the paucity of the record in the present case. It may be, for ex-

able rights in the property which the petitioner acquired on her sister's death, i. e., the legal rights to immediate ownership, possession and enjoyment of the whole property, were sufficient to afford a basis for Congress to impose the tax. See, e. g., United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939); In re Cochrane's Estate, 342 Pa. 108, 20 A.2d 305, 135 A.L.R. 1058 (1941).

Our decision in District of Columbia v. Wilson, 94 U.S.App.D.C. 399, 216 F.2d 630 (1954), is not relevant here. The bonds there involved were not held jointly and the statutory provision which concerns us here was not applicable.[5] The District was seeking to impose an inheritance tax upon the entire maturity value of bonds standing in the decedent's name alone. We declined to sustain this where the findings showed that there had been an intention on Mrs. Wilson's part to give the decedent only the income for life, reserving ownership of the principal for herself during her lifetime. Although the decedent would have taken the principal as the survivor if Mrs. Wilson had died first, this would, under the terms of the gift, have been treated as an advance part of a bequest in trust made to him under Mrs. Wilson's will. In the circumstances, there being no statutory provision requiring us to determine taxability on the basis of the legal title and no other "countervailing consideration" (94 U.S.App.D.C. at 401, 216 F.2d at 632), we applied the general rule of looking at the real ownership rights of the parties and determined that Mrs. Wilson did not acquire any rights in the property

from the decedent at his death. As already indicated, here, unlike the Wilson case, there was a joint tenancy and a statute specifically applicable to such a tenancy.

The decision of the Tax Court is Affirmed.

---

ample, that the decedent as a registered joint owner held the legal right to participate in voting the shares held jointly, to receive one-half of any dividends payable, and to share in the control of their transfer by giving or withholding her signature, even though she apparently did not choose to make any such claims. Cf. D.C.Code §§ 28–2901 and 28–2903 (1961). On such matters we need not express an opinion.

5. The Tax Court had held that one half of the principal of one other bond, registered as held by "John Randolph Bolling [the decedent] or Mrs. Edith Bolling Wilson," and for the acquisition of which Mrs. Wilson had supplied the entire funds, passed to Mrs. Wilson by right of survivorship and was subject to inheritance tax under Section 47–1602. See T.C. Docket No. 1342. Mrs. Wilson did not appeal from this ruling of the Tax Court, which in effect held that the survivor of two joint tenants must pay inheritance tax on one-half of the jointly held property, regardless of the source of the funds used in acquiring the property. That holding was not before us, and we did not review it.