(No. 44443.—

*In re* ESTATE OF LAURA BELL ARUNDALE.—(THE PEOPLE OF THE STATE OF ILLINOIS, Appellant, v. ROBERT K. ARUNDALE, Exr., Appellee.)

*Opinion filed March 30, 1972.*

WILLIAM J. SCOTT, Attorney General, of Springfield, and JOSEPH O. RUBINELLI, Special Assistant Attorney General, of Chicago (FRANCIS T. CROWE and THOMAS J. DOWNS, Assistant Attorneys General, of counsel), for appellant.

RICHARD C. HAMPER, of Montgomery, for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

Robert K. Arundale is the executor of the estate of his deceased wife, Laura Bell Arundale, who died on August 19, 1965. Her will left her entire estate to her husband. At the time of her death she held, in her name alone, three savings and loan association accounts totaling $25,000 and United States treasury bills valued at approximately $24,157.72. She also held three savings and loan association accounts totaling $30,000 in joint tenancy, with right of survivorship, with her husband. The executor of the estate filed an Illinois inheritance tax return in which he contended that these assets were not subject to the inheritance tax. Objections to the return were filed by the Attorney General of Illinois. The circuit court of Kane County sustained the executor's contention on March 17, 1971, and the State has appealed.

The executor contends that the transfer of the savings accounts and treasury bills held by the decedent in her name alone should not be subject to tax because these funds were originally the sole property of the executor which he had placed in the name of the decedent. But it is not disputed that the decedent held full legal and equitable title to these assets. Their transfer, therefore, by her will, is clearly subject to the inheritance tax. (Ill.Rev.Stat. 1969, ch. 120, par. 375.) While the taxing of this transfer back to

the executor shortly after he had transferred the same funds to the decedent might seem inequitable, the legislature has the power to impose a tax on the transfer of property rights owned by a decedent at his death regardless of the manner in which he acquired them. See, *McKimmey V. District of Columbia (D.C. cir. 1962), 300 F.2d 724.*

As to the funds held in joint tenancy, the executor contends that they are not subject to the inheritance tax because he furnished all of the funds constituting the jointly held property. In *People v. Varel (1932), 351 Ill. 96,* this court held that evidence was admissible to show the amounts contributed to jointly held property by the respective parties in order to determine the amount subject to the inheritance tax upon the death of a joint tenant. The following year the legislature amended the statute to impose the tax upon the transfer of the rights of a joint tenant at his death "in the same manner as though a fractional part of the property to be determined by dividing the value of the entire property by the number of joint tenants, joint depositors of [*sic*] persons, belonged absolutely to the deceased joint tenant, joint depositor or person and had been devised or bequeathed to the surviving joint tenant or joint tenants, person or persons, by such deceased joint tenant or joint depositor by will." Laws of 1933, 889, at 890; Ill.Rev.Stat. 1965, ch. 120, par. 375.

This provision taxes the transfer as if the deceased party had a separate fractional interest and regardless of whether he furnished any of the jointly held property. (Young, Tax Incidents of Joint Ownership, 1959 U. Ill. L. Forum 972, 1011.) In 1967 the legislature provided that the entire amount of jointly owned property should be taxed to the estate of a deceased joint tenant except for such portion as could be shown to have "belonged" to another, but this provision was repealed within a few months. (H.B. 2473, Laws of Illinois, Seventy-Fifth

General Assembly, 1967 Sess., vol. I at 1720; S.B. 1790, Laws of Illinois, Seventy-Fifth General Assembly, 1967 Sess., vol. II at 4248.) The intention to tax the transfer of the joint tenant's rights at his death, whether or not he furnished any of the consideration, is clear, and the power of the General Assembly to impose the tax is not questioned.

The judgment of the circuit court of Kane County is therefore reversed and the case is remanded to that court with directions to proceed in accordance with this opinion.

*Reversed and remanded, with directions.*