Charlotte A. HANKIN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 6570.

District of Columbia Court of Appeals.

Argued Dec. 12, 1972.

Decided Oct. 2, 1973.

Selma W. Samols, Kensington, Md., for appellant.

Kenneth R. West, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, and Henry E. Wixon and Richard L. Aguglia, Asst. Corp. Counsels, Washington, D. C., were on the pleadings, for appellee.

Before REILLY, Chief Judge, and KERN and HARRIS, Associate Judges.

HARRIS, Associate Judge:

This case involves a dispute as to the amount of District of Columbia inheritance taxes due as a consequence of the death of Gregory Hankin, appellant's husband. By a carefully reasoned written opinion, the trial court denied appellant's petition for the refund of taxes paid under protest. We affirm.

Both Charlotte and Gregory Hankin were attorneys who worked from the time of their marriage in 1920 until their retirement in 1963. During this period they pooled their respective earnings (which were approximately equal). Virtually all of their assets were held as tenants by the entireties.

Following Gregory's death, his will was filed in the United States District Court for the District of Columbia. That portion of his estate which was subject to administration was valued at less than $2,500, and was settled under the small estate procedure. D.C.Code 1972 Supp., § 20–2101, amending D.C.Code 1967, § 20–2101. There thus was no probate of the will.

Appellant duly filed a District of Columbia inheritance tax return. Reported thereon was one-half of the previously jointly owned property, valued at $129,428.-19. She sought to deduct from that figure a total of $89,052.24. The claimed deductions included expenses of Gregory's last illness and funeral, D.C. and federal income taxes, and $78,135 for the Charlotte and Gregory Hankin Student Aid Fund at Harvard University.[1] The District of Columbia disallowed the deductions, and imposed an inheritance tax upon the full one-half of the assets which had been owned jointly by appellant and her husband. A payment made under protest was followed by the filing in the Tax Division of the Superior Court of a petition seeking a refund of $1,914.40.

Appellant argues that the applicable section of the D.C. Rules and Regulations (16 DCRR 405.6) is discriminatory and viola-

---

[1]. This Student Aid Fund was created by an inter vivos trust agreement between Harvard and the Hankins dated December 20, 1967. The Hankins contemplated an aggregate ultimate contribution to the Fund of $150,000. The agreement provided that it was to be conveyed to Harvard as follows:

(a) Approximately 30% of [the Hankins'] "total income" (as the term is used in Line 9, page 1 Federal Income Tax Form 1040) in 1967 upon acceptance of [the] offer by the University.

(b) A similar contribution annually during the life of the surviving Donor.

(c) The remainder upon the death of the surviving Donor.

tive of the equal protection clause of the Fourteenth Amendment in that it treats jointly owned assets in a different manner than assets acquired by will (or intestacy) from the standpoint of allowable deductions.

The statute imposing an inheritance tax was enacted in 1937, and now is set forth in D.C.Code 1972 Supp., § 47–1601(a).[2] The inheritance taxation of jointly owned property is covered specifically by D.C. Code 1967, § 47–1602, which provides in part:

> The taxable portion of real or personal property held jointly or by the entireties shall be determined by dividing the value of the entire property by the number of persons in whose joint names it was held.

16 DCRR 405.6 clarifies the limitation on allowable deductions from property acquired by survivorship:

> Funeral, administration and other expenses and debts of the decedent are not proper deductions from the value of jointly held real estate or personal property passing by right of survivorship or from any other property received by a beneficiary . . . which may not be attached for debts of the decedent. Exceptions to this rule are encumbrances on District real estate and taxes on District real estate computed to the date of decedent's death, and liens on personal property having a taxable situs in the District.

The Board of Tax Appeals for the District of Columbia, predecessor of the Superior Court (and of the District of Columbia Tax Court) in the area of taxation, upheld the validity of that regulation more than 30 years ago. Carpenter v. District of Columbia, D.C.B.T.A. Docket No. 385, Opinion No. 263 (1941). We reach the same conclusion.

■ ■ There is a vital difference between acquiring assets under a will (or by intestacy) and having a former joint interest become a sole interest upon the death of one partner to a marriage. In the former case, title is exclusively in the decedent until it is conveyed to a beneficiary or heir through the administration of an estate. The recipient then is taxed solely on the distributive share which he actually receives, after the deduction of expenses properly chargeable to the estate. In the case of jointly owned assets, however, the survivor already had title to the property. When one of the parties to a tenancy by the entireties dies, the decedent's property interests simply terminate and the prior joint interest of the surviving spouse ripens automatically into sole ownership. Such a transformation may be deemed a taxable transfer. United States v. Jacobs, 306 U.S. 363, 59 S.Ct. 551, 83 L.Ed. 763 (1939); *see also* McKimmey v. District of Columbia, 112 U.S.App.D.C. 132, 300 F.2d 724 (1962).

■ Mrs. Hankin's claim that the regulation conflicts with § 47–1601 of the Code has no merit. Initially, the regulation is not to be considered in juxtaposition with § 47–1601, but rather with § 47–1602, which deals specifically with jointly owned property. The regulation is consistent with the latter statute in providing that a deduction will be allowed only when a claim therefor could be enforced against the property. Since no claims (excepting prior liens) can be enforced against a decedent's former interest in jointly owned property, no deductions are allowed against such property in computing inheritance taxes. This classification based on the type of estate is reasonable, and withstands

---

2. Section 47–1601 states in part:
   (a) All real property, and tangible and intangible personal property, or any interest therein, having its taxable situs in the District of Columbia, transferred from any person who may die seized or possessed thereof, either by will or by law, or by right of survivorship . . . shall be subject to [a] tax . . . .

constitutional attack. *See* Watson v. State Comptroller, 254 U.S. 122, 41 S.Ct. 43, 65 L.Ed. 170 (1920).

■ ■ In effect, Mrs. Hankin is contending that the assets which became solely hers on her husband's death should be treated as though they were received through Mr. Hankin's will. Although the Hankins' property unquestionably was held jointly, Gregory's will and a memorandum purportedly dictated by him reflect an attempt to have their joint assets treated as constituting two separate estates of equal size for purposes of disposition at death, based upon the fact that each partner to the marriage contributed roughly equally to their joint assets. Since the will was not probated (presumably with significant savings of time and money), the validity of that memorandum was not considered in the District Court. The court below concluded that the memorandum had no legal effect. We agree that it was incapable of changing the nature of appellant's interest in the joint property.[3]

■ ■ The simple fact is that the joint assets could not have been attached for the items which appellant sought to deduct. *E. g.*, In re Estate of Wall, 142 U.S.App.D.C. 187, 440 F.2d 215 (1971). Her payment of those debts was either voluntary or due to a personal obligation on her part.[4] In either eventuality, the payments were made out of her property, and are not deductible.

■ Since the principal bone of contention is the claimed deduction of $78,135 in connection with the Charlotte and Gregory Hankin Student Aid Fund, we comment further thereon. Assuming without deciding the ultimate enforceability of the Hankins' commendable commitment to Harvard, there is no basis consistent with either § 47–1602 of the Code or the applicable regulation for deducting the sum claimed. The agreement which was accepted by Harvard provided for no vesting of Harvard's interest on the death of the first donor (Gregory); any unpaid balance of the promised sum of $150,000 expressly becomes payable only upon the death of the survivor of the joint tenants. Harvard thus could not validly have claimed a prior lien against the joint property (nor is there any indication that it has sought to do so).

The challenged regulation being valid, and the rulings of the trial court being both supported by the evidence and free of legal error, the judgment below is affirmed.

---

3. Our conclusion to such effect is consistent with the position appellant herself took in the District Court. As noted, she advised that court that Gregory's estate subject to administration was valued at less than $2,500. It further was represented that his estate had no obligations.

4. If the income taxes ultimately paid had been formally assessed, rather than merely owed, the amount thereof presumably would have constituted a lien. However, the filing of a joint return creates both a joint and a several liability on the part of both taxpayers. Thus, appellant had an individual obligation to pay all of the income taxes involved.