**Carlton R. RICHARDSON, et al., Appellants,**

v.

**DISTRICT OF COLUMBIA, Appellee.**

**No. 85–568.**

District of Columbia Court of Appeals.

Argued Feb. 20, 1986.
Decided March 30, 1987.

Andrew T. Altmann, Washington, D.C., for appellants.

Richard G. Amato, Asst. Corp. Counsel, with whom John H. Suda, Acting Corp. Counsel at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, James R. Murphy, Deputy Corp. Counsel at the time the brief was filed, and Richard L. Aguglia, Asst. Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before NEBEKER, TERRY, and STEADMAN, Associate Judges.

PER CURIAM:

This appeal arises from a dispute over the amount of certain District of Columbia inheritance taxes. Appellants paid the taxes under protest and then sought a partial refund by filing an appeal in the Tax Division of the Superior Court under D.C.Code § 47–3303 (1986 Supp.). The court granted the District's motion for summary judgment. We hold that the record does not support the award of summary judgment to the District; accordingly, we reverse the judgment and remand the case to the trial court for further proceedings.

## I

Appellants are the son, daughter-in-law, and two grandsons of Mildred R. Ernst. At the time of her death in 1982, Mrs. Ernst held certain property with each appellant as a joint tenant with the right of survivorship. The total value of the property—four savings accounts, some United States Series E savings bonds, and 122 shares of stock—was slightly more than $114,000. The District of Columbia taxed each appellant on the full value of the property held by that appellant jointly with Mrs. Ernst, asserting that the joint tenancies were not truly joint but that Mrs. Ernst had created them only for her own convenience, retaining full and undivided ownership of all the property until her death.

Appellants paid the taxes as assessed and sued for a partial refund. They alleged that they had received only half of the property by inheritance from Mrs. Ernst, having received the other half by gift from her when the joint tenancies were created. Therefore, they maintained, only the half that each of them acquired by right of survivorship (*i.e.*, by inheritance) was subject to the tax.[1]

The parties filed cross-motions for summary judgment, but neither motion was supported by any affidavit, deposition, or anything else under oath.[2] The court granted appellants' motion, ruling that joint legal title was sufficient to establish that each appellant was subject to tax on only half of the jointly held property, citing

---

1. D.C.Code § 47–1901 (1981) imposes an inheritance tax on all real and personal property that is
   
   transferred from any person who may die seized or possessed thereof, either by will or by law, *or by right of survivorship,* and all such property, or interest therein, transferred by deed, grant, bargain, gift, or sale ... made or intended to take effect in possession or enjoyment after the death of the decedent, or made in contemplation of death, to or for the use of [another], in trust or otherwise.... [Emphasis added.]

   D.C.Code § 47–1902 (1981) provides in part: The taxable portion of real or personal property held jointly or by the entireties shall be determined by dividing the value of the entire

   property by the number of persons in whose joint names it was held.

2. Appellants did file a statement of material facts as to which they asserted there was no genuine issue. The District failed to file a statement of genuine issues in response, thereby entitling the court to "assume that the facts as claimed by [appellants were] admitted to exist without controversy...." Super.Ct.Civ.R. 12–I(k), made applicable to this case by Super. Ct.Tax R. 3(a). We note, however, that appellants did not include in their statement of material facts any "references to the parts of the record relied on to support such statement," as Rule 12–I(k) requires.

*McKimmey v. District of Columbia,* 112 U.S.App.D.C. 132, 300 F.2d 724 (1962), and *District of Columbia v. Riggs National Bank,* 335 A.2d 238 (D.C.1975).[3] The court noted that there was no evidence before it which might "bear on the issue" of whether Mrs. Ernst had set up the various joint tenancies simply for her own convenience. In the absence of such evidence, the court held that "legal title alone will suffice to determine that petitioners received an interest in a joint tenancy that entitles them to taxation on their proportionate interests only, pursuant to D.C.Code § 47–1902 . . . ." The court therefore ordered the District to refund to each appellant half the tax paid, with interest from the date of payment.

The District filed a motion for reconsideration or, in the alternative, for a rehearing so that it might present evidence

> on the question of the *intent* of the decedent either (1) to establish a joint tenancy in the involved property by a transfer of a present interest therein, or (2) to create convenience accounts which would transfer her interests in the property only at her death. [Emphasis in original.]

Attached to the motion was an affidavit signed by Grace Eng, a senior tax auditor in the Department of Finance and Revenue. Eng stated in her affidavit that appellants' attorney had told her that the property had been "placed in joint names for the decedent's convenience . . . [and] that the decedent intended to transfer these properties, all of which belonged to her, outside her will." The court granted the District's motion and, after a further hearing,[4] vacated its earlier order granting summary judgment for appellants, and granted summary judgment for the District instead. Appellants' motion for reconsideration[5] was denied, and this appeal followed.

## II

Appellants do not contest that the property they held in joint tenancy with Mrs. Ernst is subject in part to the District of Columbia inheritance tax. They maintain, however, that the only taxable portion of the property was the half that passed to them by right of survivorship at the time of Mrs. Ernst's death. The District, on the other hand, contends that the property was taxable at its full value because Mrs. Ernst, in setting up the joint tenancies, transferred no present property interest to any of the appellants *inter vivos.* The

---

3. The court held in *McKimmey, supra,* that the pertinent portion of what is now D.C.Code § 47–1902 (quoted in note 1, *supra* )

> clearly subjects to the inheritance tax one half of the value of the [property] held jointly by the decedent and the petitioner. The language of the statute determines the taxable portion on the basis of legal title.

112 U.S.App.D.C. at 133, 300 F.2d at 725. In the *Riggs National Bank* case we cited *McKimmey* for the proposition that the taxable portion of the property at issue was determined not according to the relative contributions of the two joint tenants, but "on the basis of legal title." 335 A.2d at 241 n. 4.

4. The record does not contain a transcript of the hearing, at which Grace Eng testified. Counsel advised us at oral argument, however, that her testimony was substantially the same as what she had said in her affidavit. The court's order granting the District's motion for summary judgment specifically refers to evidence presented at the hearing that appellants' counsel "informed a senior tax auditor . . . that the subject properties were created for decedent's convenience."

5. The memorandum in support of this motion stated that appellants had understood that the hearing on the District's motion for reconsideration "was for the sole purpose of considering whether or not to grant [that motion]." Consequently, appellants had not presented testimony on the issue of Mrs. Ernst's intent in establishing the various joint tenancies. Appellants represented that they were prepared to present such evidence and referred to an appended affidavit of Carlton Richardson, Mrs. Ernst's son, which stated in part:

> At no time did she ever state that she considered this action on her part to be a convenience to her but rather an expression of affection for her loved ones. . . . Her whole intent and thoughts were always of her loved ones and what she could do for them *during her lifetime and upon her death.* [Emphasis added.]

Appellants' counsel also disputed that he had ever told Grace Eng that the joint tenancies had been created for Mrs. Ernst's convenience:

> The term "convenience" was a characterization by the witness Grace Eng on the statement of counsel for Petitioners "that the decedent had contributed all of the property and had the use of it during her lifetime."

precise issue in dispute is whether the property was "held jointly" at the time of Mrs. Ernst's death within the meaning of D.C.Code § 47–1902 so as to trigger its provision that property so held shall be taxable only to the extent of the decedent's fractional share.

■ The resolution of this dispute depends on whether Mrs. Ernst intended to transfer *both* a present interest in the property *and* a right of survivorship to each appellant at the time she created the various joint tenancies. *Edstrom v. Kuder,* 351 A.2d 506, 509 (D.C.1976). If she so intended, then only half of the property is subject to the tax. On the first point, the court held in *Murray v. Gadsden,* 91 U.S. App.D.C. 38, 197 F.2d 194 (1952), that "a joint tenancy is not established unless it is the result of a gift or a trust as a condition precedent." *Id.* at 47, 197 F.2d at 203 (citations omitted).

> As there is no suggestion here of the establishment of a trust, a joint tenancy was not created unless [the decedent] intended the deposit agreements to operate as a gift of a present interest in the funds. *Whether she so intended was the controlling issue.*

*Id.* (emphasis added); *accord, e.g., Harrington v. Emmerman,* 88 U.S.App.D.C. 23, 27, 186 F.2d 757, 761 (1950). With respect to the second point, "if the intent of the donor of the joint account to create a right of survivorship is clear, and no principle of public policy is violated by recognizing the right in the particular case, the right should be recognized." *Imirie v. Imirie,* 100 U.S.App.D.C. 371, 372 n. 2, 246 F.2d 652, 653 n. 2 (1957).

■ The District relies in part on the established rule that "when a depositor creates a joint account for [herself] and another, without consideration, it is presumed to have been done for the convenience of the depositor." *Harrington v. Emmerman, supra,* 88 U.S.App.D.C. at 27, 186 F.2d at

761 (citations omitted). But this presumption is rebuttable. It may be overcome by a showing that Mrs. Ernst intended to give appellants a present interest in the jointly held property at the time she established her joint tenancies. *Id.* Hence, if appellants can prove that Mrs. Ernst had such an intent, they can rebut the presumption. *See Davis v. Altmann,* 492 A.2d 884, 886–887 (D.C.1985).[6]

■ In granting the District's motion for reconsideration, the trial court recognized "the centrality of the issue of intent"; accordingly, it set the case for rehearing on the cross-motions for summary judgment. Since there is no transcript of that hearing,[7] we are confined in our review to "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which the parties submitted in support of their respective motions. Super.Ct.Civ.R. 56(c).[8] The only evidence before the court on the issue of Mrs. Ernst's intent was the affidavit of Grace Eng, the senior tax auditor. That affidavit, however, does not meet the requirements of Super.Ct.Civ.R. 56(e). The rule provides that any affidavit offered in support of a summary judgment motion "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." The Eng affidavit is not based on personal knowledge but on what appellants' counsel allegedly told the affiant. On its face it is patent hearsay and, as such, would not be admissible in evidence. Since the affiant would not be competent to testify to the facts stated in her affidavit at a trial on the merits, her affidavit cannot support the District's motion for summary judgment. *Spellman v. American Security Bank,* 504 A.2d 1119, 1123–1124 (D.C.1986); *Emerson v. American Express Co.,* 78 A.2d 862, 863–864 (D.C.1951); *Schwartz v. San-*

---

6. Moreover, the presumption applies only to joint bank accounts. It is a specific exception to the general rule that the burden of proof is on the one who attacks the joint tenancy. *Edstrom v. Kuder, supra,* 351 A.2d at 509 n. 7.

7. See note 4, *supra.*

8. Civil Rule 56 is made applicable to Tax Division proceedings by Super.Ct.Tax R. 3(a).

*didge,* 63 A.2d 869, 971 (D.C.1949); *Washington Post Co. v. Keogh,* 125 U.S.App. D.C. 32, 38, 365 F.2d 965, 971 (1966), *cert. denied,* 385 U.S. 1011, 87 S.Ct. 708, 17 L.Ed.2d 548 (1967).[9]

Thus the District failed to meet its burden of proving the absence of any genuine issue of material fact. *McCoy v. Quadrangle Development Corp.,* 470 A.2d 1256, 1259 (D.C.1983); *Nader v. de Toledano,* 408 A.2d 31, 42 (D.C.1979), *cert. denied,* 444 U.S. 1078, 100 S.Ct. 1028, 62 L.Ed.2d 761 (1980). "[I]f the moving party does not meet its initial burden, summary judgment must be denied even where the opponent comes forth with nothing." *Burt v. First American Bank,* 490 A.2d 182, 185 (D.C. 1985) (citation omitted). Given the inadequacy of the Eng affidavit and the lack of any other evidence of Mrs. Ernst's intent, we hold that the trial court erred in granting summary judgment for the District. The judgment must therefore be reversed.

### III

The dispositive issues in this case, as we have said, are whether Mrs. Ernst intended, when she created the the several joint tenancies, to transfer a present interest in her property to each appellant—*i.e.,* to make a gift, or a series of gifts—and whether, at the same time, she intended to create a right of survivorship in each of them. In the present state of the record, these issues cannot be resolved.

We therefore remand this case for further proceedings, leaving it to the trial court and the parties to decide what course those proceedings should take. We caution, however, that if either party seeks summary judgment, that party's motion, together with its supporting papers, must comply with Rule 56 and Rule 12–I(k) in all particulars.

*Reversed and remanded.*

TERRY, Associate Judge, concurring:

I join in reversing the judgment. For the most part, I agree with the per curiam opinion, but I have two reservations.

First, my colleagues have left the door slightly open to the filing of new motions for summary judgment. I would close the door entirely. As I view this case, summary judgment for either party is impossible, even if a movant could present evidence to the trial court that meets the requirements of Rule 56(e). This court has admonished on several occasions that summary judgment should be granted sparingly in cases involving motive or intent. *Spellman v. American Security Bank,* 504 A.2d 1119, 1122 (D.C.1986); *Wyman v. Roesner,* 439 A.2d 516, 519 (D.C.1981); *Willis v. Cheek,* 387 A.2d 716, 719 (D.C.1978); *accord, e.g., Attorney General v. Irish People, Inc.,* 254 U.S.App.D.C. 229, 233, 796 F.2d 520, 524 (1986) ("Summary judgment is often inappropriate where state of mind is crucial to the ultimate factual issue" (citations omitted)); *see Poller v. Columbia Broadcasting System, Inc.,* 368 U.S. 464, 473, 82 S.Ct. 486, 491, 7 L.Ed.2d 458 (1962). In light of these decisions, and considering the respective burdens of proof and presumptions that are applicable in this case, I cannot conceive how either party could concoct a motion for summary judgment that would demonstrate the absence of any genuine issue of material fact. In addition, this court has held that "[w]here the motion for summary judgment is based solely on the testimony of an interested party and knowledge of the basis for that testimony is largely in the hands of the witness, summary judgment ordinarily should not be granted." *Kuder v. United National Bank,* 497 A.2d 1105, 1107 (D.C.1985) (citations omitted). Any motion for summary judgment filed by these appellants would almost certainly be based on evidence to be provided by one or more of the very same appellants, all of whom, as heirs, are interested parties. In such circumstances *Kuder* teaches that summary judgment, at least for the appellants, is not appropriate. In short, I think this case must be tried.

Second, I am troubled by the fact that Grace Eng was allowed to testify at the

---

9. Even if we assume that Eng's testimony at the hearing was congruent with her affidavit, it was still inadmissible hearsay and therefore incompetent to support the District's motion.

hearing on the cross-motions for summary judgment. In ruling on those motions, the court was entitled to consider "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," submitted by the parties. Super.Ct.Civ.R. 56(c). In its discretion the court could also "permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits." Super.Ct.Civ.R. 56(e). A trial court also has discretion under Super.Ct.Civ.R. 43(e) to take live testimony at a hearing on a motion for summary judgment, *see Occidental Realty Co. v. General Insurance Co.*, 301 A.2d 66 (D.C.1973), although it is highly unusual—indeed, it is extremely rare—for a court to do so. This case illustrates why it is an unwise practice. The effect of the court's taking testimony from Grace Eng was to turn the hearing into a trial on the merits, to appellants' prejudice. Had there actually been a trial, appellants would have been entitled to present evidence of their own to rebut Eng's testimony. The court's procedural short cut deprived them of their right to do so. I would therefore reverse the judgment on the additional ground that the court abused its discretion by receiving testimony from Grace Eng at the motion hearing.